**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re PATRIOT NATIONAL, INC.
SECURITIES LITIGATION

Case No. 1:17-cv-01866-ER
[Consolidated with Case No. 1:17-cv-07164-ER]

Honorable Edgardo Ramos

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

**TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT……………………………………………………...1

II.    PROCEDURAL HISTORY.................................................................................... 2

III.   SUMMARY OF THE SETTLEMENT ................................................................ 4

       A.   Stipulation as to Certification of the Settlement Class ............................... 4

       B.   Release of Claims....................................................................................... 4

       C.   Attorneys' Fees, Expenses and Service Awards ........................................ 5

IV.    ARGUMENT ....................................................................................................... 5

       A.   The Settlement Meets the Standard for Preliminary Approval................... 5

            1.   The Settlement Is Procedurally Fair and Resulted from Good-Faith, Arm's
                 Length Negotiations between Experienced Counsel....................... 7

            2.   The Settlement is Substantively Fair .............................................. 9

       B.   The Settlement Class Should Be Certified ................................................ 12

            1.   The Requirements of Rule 23(a) are Satisfied .............................. 12

            2.   The Requirements of Rule 23(b)(3) are Satisfied ......................... 15

       C.   Notice of the Settlement Should Be Approved ......................................... 16

V.     PROPOSED SCHEDULE OF SETTLEMENT EVENTS ............................... 17

VI.    CONCLUSION.................................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Amchem Prods. v. Windsor*,
   521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) ..................................................... 15

*Beckman v. KeyBank, N.A.*,
   293 F.R.D. 467 (S.D.N.Y. 2013) ........................................................................................... 10

*Chemetron Corp. v. Jones*,
   72 F.3d 341 (3d Cir. 1995) ................................................................................................... 16

*City of Providence v. Aeropostale, Inc.*,
   No. 11 CIV. 7132 CM GWG, 2014 WL 1883494, at *2 (S.D.N.Y. May 9, 2014)................17

*Clark v. Ecolab, Inc.*,
   No. 04 CIV. 4488 (PAC), 2009 WL 6615729 (S.D.N.Y. Nov. 27, 2009) .............................. 7

*Cohen v. J.P. Morgan Chase & Co.*,
   262 F.R.D. 153 (E.D.N.Y. 2009) .................................................................................... 6, 12

*Consol. Rail Corp. v. Town of Hyde Park*,
   47 F.3d 473 (2d Cir. 1995) ................................................................................................... 13

*DeBoer v. Mellon Mortgage Co.*,
   64 F.3d 1171 (8th Cir. 1995) ................................................................................................. 16

*Dietrich v. Bauer*,
   192 F.R.D. 119 (S.D.N.Y. 2000) .......................................................................................... 13

*D'Amato v. Deutsche Bank*,
   236 F.3d 78 (2d Cir. 2001) ..................................................................................................... 7

*Henry v. Little Mint, Inc.*,
   No. 12 CIV. 3996 CM, 2014 WL 2199427 (S.D.N.Y. May 23, 2014) ................................... 9

*Hodges v. Bon Secours Health Sys., Inc.*,
   No. 1:16-CV-01079-RDB, 2017 WL 4228018, at *2 (D. Md. July 10, 2017) ......................8

*In re AIG Sec. Litig.*,
   689 F.3d 229 (2d Cir. 2012) ................................................................................................. 12

*In re AOL Time Warner, Inc.*,
   No. 02-cv-5575, 2006 WL 903236 (S.D.N.Y. Apr. 6, 2006) .................................... 11, 12, 16

*In re Austrian and German Bank Holocaust Litig.*,
   80 F. Supp. 2d 164 (S.D.N.Y. 2000) ...................................................................................... 7

*In re Citigroup Inc. Bond Litig.*,
 296 F.R.D. 147, 154 (S.D.N.Y. 2013) ...................................................................5

*In re Corrugated Container Antitrust Litig.*,
 643 F.2d 195 (5th Cir. 1981) ............................................................................ 11

*In re Currency Conversion Fee Antitrust Litig.*,
 No. 01 MDL 1409, 2006 WL 3247396 (S.D.N.Y. Nov. 8, 2006) ............................ 5

*In re Currency Conversion Fee Antitrust Litig.*,
 264 F.R.D. 100 (S.D.N.Y. 2010) ......................................................................... 14

*In re EVCI Career Colls. Holding Corp. Sec. Litig.*,
 No. 05 CIV 10240 CM, 2007 WL 2230177 (S.D.N.Y. July 27, 2007) .................... 7

*In re Facebook, Inc. IPO Sec. and Derivative Litig.*,
 312 F.R.D. 332 (S.D.N.Y. 2015) ......................................................................... 14

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
 574 F.3d 29 (2d Cir. 2009) ................................................................................ 13

*In re Initial Pub. Offering Sec. Litig.*,
 243 F.R.D. 79 (S.D.N.Y. 2007) .............................................................................6

*In re Marsh & McLennan Cos. Sec. Litig.*,
 No. 04 CIV. 8144 (CM), 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009) ................. 7

*In re Michael Milken and Assocs. Sec. Litig.*,
 150 F.R.D. 57 (S.D.N.Y. 1993) ............................................................................ 9

*In re NASDAQ Market-Makers Antitrust Litig.*,
 187 F.R.D. 465, 474 (S.D.N.Y. 1998) ...................................................................9

*In re Nissan Radiator/Transmission Cooler Litig.*,
 No. 10 CV 7493 VB, 2013 WL 4080946 (S.D.N.Y. May 30, 2013) ..................... 11

*In re Packaged Ice Antitrust Litig.*,
 No. 08-md-01952, 2010 WL 3070161 (E.D. Mich. Aug. 2, 2010) ...................... 11

*In re Platinum and Palladium Commodities Litig.*,
 No. 10 Civ. 3617, 2014 WL 3500655 (S.D.N.Y. July 15, 2014) .......................... 6

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
 163 F.R.D. 200 (S.D.N.Y. 1995) .......................................................................... 5

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
 164 F.R.D. 362 (S.D.N.Y. 1996) ........................................................................ 17

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
 107 F.3d 3 (2d Cir. 1996) .................................................................................. 17

*In re Sinus Buster Prods. Consumer Litig.*,
No. 12-CV-2429 (ADS)(AKT, 2014 WL 5819921 (E.D.N.Y. Nov. 10, 2014) ..................... 11

*In re Stock Exchanges Options Trading Antitrust Litig.*,
No. 99 Civ. 962, 2005 WL 1635158 (S.D.N.Y. July 8, 2005) ................................................ 5

*In re Vivendi Universal, S.A. Sec. Litig.*,
242 F.R.D. 76 (S.D.N.Y. 2007) ........................................................................................... 15

*Kemp-Delisser v. Saint Francis Hosp. & Med. Ctr.*,
No. 3:15-CV-1113 (VAB), 2016 WL 10033380, at *4 (D. Conn. July 12, 2016) ................. 8

*Martens v. Smith Barney, Inc.*,
181 F.R.D. 243 (S.D.N.Y. 1998) ......................................................................................... 14

*McReynolds v. Richards-Cantave*,
588 F.3d 790 (2d Cir. 2009) .................................................................................................. 6

*Morris v. Affinity Health Plan, Inc.*,
No. 09-CV-1932 DAB, 2011 WL 6288035 (S.D.N.Y. Dec. 15, 2011) .................................. 6

*Morris v. Affinity Health Plan, Inc.*,
859 F. Supp. 2d 611 (S.D.N.Y. 2012) ................................................................................... 7

*Nieves v. Cmty. Choice Health Plan of Westchester, Inc.*,
No. 08 CV 321 VB PED, 2012 WL 857891 (S.D.N.Y. Feb. 24, 2012) ................................. 6

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*,
237 F.R.D. 26 (E.D.N.Y. 2006) ............................................................................................ 9

*Roach v. T.L. Cannon Corp.*,
778 F.3d 401 (2d Cir. 2015) ................................................................................................ 15

*Seijas v. Republic of Argentina*,
606 F.3d 53, 58 (2d Cir. 2010) ............................................................................................ 13

*Tsereteli v. Residential Asset Securitization Trust 2006-A8*,
283 F.R.D. 199 (S.D.N.Y. 2012) ......................................................................................... 13

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ............................................................................................................ 13

*Wal-Mart Stores v. Visa*,
396 F.3d 96, 116-17 (2d Cir. 2005) ....................................................................................... 5

*Wallace v. IntraLinks*,
302 F.R.D. 310 (S.D.N.Y. 2014) ......................................................................................... 12

*Yim v. Carey Limousine NY*,
No. 14CV5883WFKJO, 2016 WL 1389598 (E.D.N.Y. Apr. 7, 2016) ................................. 9

iv

*Yuzary v. HSBC Bank USA, N.A.*,
    No. 12-cv-3693, 2013 WL 1832181 (S.D.N.Y. Apr. 30, 2013) ............................................... 6

**<u>Other Authorities</u>**

Fed. R. Civ. P. 23 .................................................................................................................. *passim*

## I.     PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 23, Lead Plaintiffs ODS Capital LLC, Barry A. Smith, and Sunil Shah (collectively, "Lead Plaintiffs") and named Plaintiff Adam Kayce (together with Lead Plaintiffs, "Plaintiffs") respectfully submit this memorandum in support of their motion for preliminary approval of the settlement ("Settlement") reached between Plaintiffs, on behalf of themselves and the Settlement Class (defined below), and Defendants Steven M. Mariano, Thomas C. Shields, Christopher Pesch, John R. Del Pizzo, Austin J. Shanfelter, Charles H. Walsh, Quentin P. Smith and Michael J. Corey (collectively, "Defendants" or "Settling Persons;" and together with Plaintiffs, the "Parties").

The proposed Settlement consists of a $6,500,000 cash payment that, if approved by the Court, will resolve all claims in the above-captioned action (the "Action").  *See* Stipulation and Agreement of Settlement ("Settlement Agreement" or "SA") attached as Exhibit A to the Declaration of Lawrence Deutsch ("Deutsch Decl.").[1]  The Settlement Agreement was reached based upon an in-depth investigation and after extensive, arm's-length negotiations between experienced counsel for Plaintiffs and for Defendants, and was achieved only after multiple mediation sessions overseen by Robert A. Meyer, Esq. of JAMS.  As demonstrated below, the Settlement is an excellent result for the Settlement Class, especially in the face of Patriot National, Inc.'s ("Patriot National") bankruptcy and the fact that there are limited insurance proceeds and other monies available to fund any recovery.  Further litigation in fact could easily result in no recovery at all, given that the waning insurance policies are being used to fund the costs of defense, and the numerous claims on these limited proceeds, as further discussed below.

---

[1] Capitalized terms used, but not defined, herein have the meaning ascribed to them in the Settlement Agreement.

It is procedurally and substantively fair under the governing standards in this Circuit, does not improperly grant preferential treatment to class representatives or particular segments of the class, and plainly falls well within the range of possible approval.  Accordingly, pursuant to Fed. R. Civ. P. 23(e), Plaintiffs respectfully request that the Court grant this Motion and enter the concurrently-filed Order Preliminarily Approving the Settlement and Providing for Notice (the "Preliminary Approval Order").

## II.    PROCEDURAL HISTORY

Anthony Gingello commenced this securities class action on March 14, 2017.  Dkt. No. 1 ("*Gingello*").  On the same day, Gingello and his counsel published a widely-circulated notice informing class members that they had until May 15, 2017 to seek appointment as lead plaintiff, in accordance with the Private Securities Litigation Reform Act of 1995.  Dkt. No. 8-1.

On September 20, 2017, another securities fraud class action complaint against Patriot National, captioned *Kayce v. Patriot National, Inc., et al.*, No. 17-cv-07164 (S.D.N.Y) ("*Kayce*"), was filed in this District, with a longer class period.  Kayce published notice on September 22, 2017.  On October 12, 2017, the Court consolidated *Kayce* with *Gingello*, designating *Gingello* as the lead case.

On November 28, 2017, Patriot National announced an anticipated Chapter 11 filing with a plan of reorganization as part of a restructuring support agreement with its lenders.  Patriot National filed for bankruptcy on January 30, 2018 and notified the Court of its filing the following day.  Dkt. No. 42.  On February 2, 2018, the Court stayed this Action pursuant to 11 U.S.C. § 362. Dkt. No. 43.

On February 27, 2018, the Court temporarily lifted the stay to grant Lead Plaintiffs' motion for appointment as lead plaintiffs and approval of their selection of lead counsel, after extensive briefing by four (4) movants and movant groups seeking to be appointed lead.  Dkt. No. 60.

On February, 28, 2018, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), where the chapter 11 cases captioned as *In re Patriot National, Inc., et al.*, No. 18-10189, are pending, entered an order staying related litigation and ordering mediation for parties whose claims may be covered by Patriot National's director and officer insurance policies.  Dkt. No. 63.

On April 18 and 19, 2018, the Parties participated in full-day mediation sessions overseen by Robert A. Meyer, Esq. of JAMS, who has extensive experience litigating and mediating complex class action and securities fraud cases such as this Action.  Prior to the mediation, Lead Plaintiffs and Lead Counsel engaged an experienced damages consultant and drafted an extensive mediation brief including preliminary damages estimates.  Although the mediation was not immediately successful, the Parties and Mr. Meyer continued the mediation by telephone on June 6, 2018, and in person on June 26, 2018.

On July 3, 2018, the Bankruptcy Court ordered that the stay of this Action continue through August 10, 2018, and mandated that all parties with an interest in claims that may be covered by the director and officer policies (including Lead Plaintiffs and Defendants) continue mediation. *See* Dkt. No. 67.

The final mediation session occurred on August 10, 2018.  This mediation session was successful, resulting in an agreement in principle between Plaintiffs and Defendants to settle the securities law claims on behalf of the Settlement Class.  Following this successful mediation, the

Court lifted the stay and granted Lead Plaintiffs leave to file their Consolidated Amended Class

Action Complaint (Dkt. No. 72), which Lead Plaintiffs filed on October 18, 2018 (Dkt. No. 74).

## III.    SUMMARY OF THE SETTLEMENT

The Settlement provides for a $6,500,000 cash payment (the "Settlement Amount"), of

which no portion will revert to any Defendant.  *See* SA ¶¶ 1(ss), 13.  In exchange for this monetary

relief, Plaintiffs and members of the proposed Settlement Class that do not exclude themselves

will give up their rights to sue the Defendants and Defendants' Releasees for Released Plaintiffs'

Claims.  *See infra* Section III.B; *see also* SA ¶¶ 1(m) (defining "Defendants' Releasees"); 1(oo)

(defining "Released Plaintiffs' Claims").

### A.    Stipulation as to Certification of the Settlement Class

The Settlement is made on behalf of a proposed Settlement Class defined as:

> All individuals and entities that purchased or acquired Patriot
> National's securities between January 15, 2015, and November 28,
> 2017, inclusive (the "Settlement Class Period"), and were damaged
> thereby.
>
> Excluded from the Settlement Class are the Settling Persons;
> members of the Settling Persons' Immediate Families; the Settling
> Persons' legal representatives, heirs, successors or assigns, and any
> entity in which they have or had a controlling interest; any trust of
> which any Settling Person is the settlor or which is for the benefit of
> any Settling Person and/or member(s) of his or her family; and the
> current and former officers and directors of the Company.  Also
> excluded from the Settlement Class are any persons and entities who
> or which exclude themselves by submitting a request for exclusion
> that is accepted by the Court.

### B.    Release of Claims

In consideration for the benefits of the Settlement, and upon the Court's approval, the

Action, and all claims asserted (or which could have been asserted) in the Action, and all Released

Claims belonging to Plaintiffs and Defendants will be dismissed with prejudice. *See* SA ¶¶ 1(m), 1(ii), 1(mm)-(qq), 4-7.

### C.     Attorneys' Fees, Expenses and Service Awards

The Settlement Agreement contemplates Plaintiffs applying to the Court for an award of attorneys' fees to Plaintiffs' Counsel, for reimbursement of Litigation Expenses and for Service Awards, to be paid from the Settlement Fund. *See* SA ¶¶ 15-17. The Settlement Class will be given notice of any such application, which also would be subject to Court approval.

## IV.     ARGUMENT

### A.     The Settlement Meets the Standard for Preliminary Approval

Fed. R. Civ. P. 23(e) provides that a class action settlement must be presented to the Court for approval, and should be approved if the Court finds it "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see also In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 154 (S.D.N.Y. 2013); *In re Am. Int'l Grp., Inc. Sec. Litig.*, 293 F.R.D. 459, 464 (S.D.N.Y. 2013). "It is well established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions." *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995); *see also Wal-Mart Stores v. Visa*, 396 F.3d 96, 116-17 (2d Cir. 2005) ("'The compromise of complex litigation is encouraged by the courts and favored by public policy'").[2]

"Preliminary approval is generally the first step in a two-step process before a class- action settlement is approved." *In re Stock Exchanges Options Trading Antitrust Litig.*, No. 99 CIV.0962(RCC), 2005 WL 1635158, at *4 (S.D.N.Y. July 8, 2005). In considering preliminary approval, "the [C]ourt must make '*a preliminary evaluation*' as to whether the settlement is fair, reasonable and adequate." *In re Currency Conversion Fee Antitrust Litig.*, MDL 1409, 2006 WL

---

[2] Unless otherwise noted herein, internal citations and quotations are omitted and emphasis is added.

3247396, at *5 (S.D.N.Y. Nov. 8, 2006).  "If, after a preliminary evaluation of the proposed settlement, the court finds that it appears to fall within the range of possible approval, the court shall order that the class members receive notice of the settlement."  *Morris v. Affinity Health Plan, Inc.,* No. 09-CV-1932 DAB, 2011 WL 6288035, at *2 (S.D.N.Y. Dec. 15, 2011); *see also Nieves v. Cmty. Choice Health Plan of Westchester, Inc.*, No. 08-cv-321, 2012 WL 857891, at *4 (S.D.N.Y. Feb. 24, 2012) ("Preliminary approval of a class action settlement…is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness.").

In conducting a preliminary approval inquiry, a court considers both the "'negotiating process leading up to the settlement, *i.e.*, procedural fairness, as well as the settlement's substantive terms, *i.e.*, substantive fairness.'"  *In re Platinum and Palladium Commodities Litig.*, No. 10 Civ. 3617, 2014 WL 3500655, at *11 (S.D.N.Y. July 15, 2014) (quoting *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803-04 (2d Cir. 2009)).  "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted."  *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 87 (S.D.N.Y. 2007); *see also Platinum & Palladium*, 2014 WL 3500655, at *11; *Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157 (E.D.N.Y. 2009).

Finally, the opinion of experienced counsel supporting the settlement is entitled to considerable weight in a court's evaluation of a proposed settlement.  *See Yuzary v. HSBC Bank USA, N.A.*, No. 12-cv-3693 (PGG), 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013) (in exercising its discretion, "courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks");

*Clark v. Ecolab, Inc.*, No. 04 CIV. 4488 (PAC), 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) ("the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ."). "Moreover, under the PSLRA, a settlement reached under the supervision of appropriately selected lead plaintiffs is entitled to an even greater presumption of reasonableness." *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05 CIV 10240 CM, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007).

As demonstrated below, the Settlement Agreement warrants preliminary approval because it is both procedurally and substantively fair.

1.      **The Settlement Is Procedurally Fair and Resulted from Good-Faith, Arm's Length Negotiations between Experienced Counsel**

"To determine procedural fairness, courts examine the negotiating process leading to the settlement." *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 618 (S.D.N.Y. 2012). Where a settlement is the "product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation," the settlement enjoys a "presumption of fairness." *In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-74 (S.D.N.Y. 2000), *aff'd sub nom.*, *D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001). The use of a mediator in settlement negotiations further supports this presumption of fairness and the conclusion that the settlement achieved was free of collusion. *See D'Amato*, 236 F.3d at 85 (noting that a "mediator's involvement in . . . settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure"); *In re Marsh & McLennan Companies, Inc. Sec. Litig.*, No. 04 CIV. 8144 (CM), 2009 WL 5178546, at *8 (S.D.N.Y. Dec. 23, 2009) (finding "no reason to doubt that

the Settlement is procedurally fair" when negotiations were conducted with assistance of "a highly regarded mediator with extensive experience in securities litigation").[3]

Here, the Settlement Agreement represents the product of intensive settlement negotiations, after Plaintiffs engaged in an extensive investigation. The Bankruptcy Court ordered that all parties with an interest in claims that may be covered by the operative director and officer insurance policies, including the Parties to this Action, participate in mediation. The Parties engaged in extensive, arm's-length negotiations regarding the settlement of Plaintiffs' and the Settlement Class Members' claims against Defendants. The Settlement was achieved only after multiple mediation sessions overseen by a highly-respected, experienced neutral, Robert A. Meyer, Esq. of JAMS, in-person on April 18, 2018, April 19, 2018, June 26, 2018, and August 10, 2018, by telephone on June 6, 2018, and only after numerous further communications among counsel for the Parties over the course of several months. Following these mediation sessions and additional communications, the Parties executed a term sheet; on December 20, 2018, the Parties entered into the Settlement Agreement.

Lead Counsel believe Plaintiffs' claims have substantial merit but acknowledge the expense and uncertainty of continued litigation, especially considering Patriot National's bankruptcy and the dwindling proceeds of the director and officer insurance policies. In recommending that the Court approve the Settlement, Lead Counsel (and their co-counsel), who have extensive experience in prosecuting securities class actions throughout the country, have

---

[3] *See also, e.g.*, *Kemp-Delisser v. Saint Francis Hosp. & Med. Ctr.*, *Kemp-Delisser v. Saint Francis Hosp. & Med. Ctr.*, No. 3:15-CV-1113 (VAB), 2016 WL 10033380, at *4 (D. Conn. July 12, 2016) (preliminarily approving settlement finding that the proposed settlement resulted from informed, extensive arm's-length negotiations, including participating in mediation with an experienced mediator, Mr. Meyer); *Hodges v. Bon Secours Health Sys., Inc.*, No. 1:16-CV-01079-RDB, 2017 WL 4228018, at *2 (D. Md. July 10, 2017) (preliminarily approving settlement, finding that the proposed settlement resulted from informed, arm's-length negotiations facilitated by a third-party mediator, Mr. Meyer).

taken into account the uncertain outcome and risks of further litigation, the possibility of no recovery given the waning insurance policies, and the claims of a number of creditors to those proceeds, and believe the Settlement confers significant benefits on the Settlement Class in light of the circumstances here.  *See In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998) (noting courts have consistently given "'great weight' . . . to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation").   The Settlement provides Plaintiffs and the Settlement Class significant cash compensation.   Based on these considerations, there is "a strong initial presumption that the compromise is fair and reasonable."  *In re Michael Milken and Assocs. Sec. Litig.*, 150 F.R.D. 57, 66 (S.D.N.Y. 1993); *Henry v. Little Mint, Inc.*, No. 12-cv-3996, 2014 WL 2199427, at *6 (S.D.N.Y. May 23, 2014) ("If the settlement was achieved through experienced counsel's arm's-length negotiations, absent fraud or collusion, courts should be hesitant to substitute their judgment for that of the parties who negotiated the settlement.").

### 2.    The Settlement is Substantively Fair

"In terms of the overall fairness, adequacy, and reasonableness of the settlement, a full fairness analysis is *unnecessary at this stage*; preliminary approval is appropriate where a proposed settlement is merely within the range of possible approval."  *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 34 (E.D.N.Y. 2006); *see also Yim v. Carey Limousine NY, Inc.*, No. 14CV5883WFKJO, 2016 WL 1389598, at *3 (E.D.N.Y. Apr. 7, 2016) ("In the context of a motion for preliminary approval of a class action settlement, the standards are not so stringent as those applied when the parties seek final approval.").

a.      *Risk of Continued Litigation and Limited Sources of Recovery*

Although Plaintiffs and Lead Counsel believe that the claims asserted in the Action against Defendants are meritorious, continued litigation would be risky.  Without the Settlement, Plaintiffs would face the very real possibility that they would recover less than the Settlement Amount (or no recovery at all) at any point in the future, including following trial.  In continued litigation, Defendants could be expected to vigorously defend against Plaintiffs' allegations and to argue, *inter alia*, that the statements were not materially false and misleading as alleged.  Perhaps more important than Defendants' expected arguments is the questionable condition of Plaintiffs' potential sources of recovery.  The corporate defendant, Patriot National, is bankrupt and unavailable to satisfy a potential judgment.  Furthermore, the director and officer insurance policies which are funding the Settlement are quickly diminishing with the costs of defense and have been targeted as the source of recovery by a variety of actions against Defendant Mariano and other directors and officers of the now-defunct Patriot National.  Thus, (1) at present, a recovery greater than what is being secured for the Class through the Settlement is improbable; and (2) in the future, it is unlikely that any insurance proceeds would be available to resolve this Action or to satisfy a judgment.

The $6,500,000 cash recovery provided by the Settlement is a substantial result for the Settlement Class, especially in light of these risks of continued litigation and financial limitations for recovery.  The benefit of the present Settlement must be viewed in light of the risk that no recovery or a lesser recovery might be achieved in the future, whether through an alternative settlement or after trial and appeals.

b.      *Stage of the Proceedings*

"[C]ourts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 474-75 (S.D.N.Y. 2013).  The relevant inquiry for this factor, therefore, is "whether the plaintiffs have obtained a sufficient understanding of the case to gauge the strengths and weaknesses of their claims and the adequacy of the settlement." *In re AOL Time Warner, Inc.*, No. 02 CIV. 5575 (SWK), 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006).  This factor does not require extensive discovery, or indeed any discovery at all, "as long as '[class counsel] have engaged in sufficient investigation of the facts to enable the Court to 'intelligently make . . . an appraisal' of the settlement.'" *Id.* at *10.[4]

Lead Counsel conducted an extensive pre-suit investigation, completed additional investigation before filing Plaintiffs' Consolidated Amended Class Action Complaint, engaged in sufficient preparation for settlement negotiations, filed papers in the bankruptcy and followed the bankruptcy proceedings, and will be conducting confirmatory discovery as part of the Settlement. These endeavors, along with the Parties' numerous mediation sessions and communications, have informed Lead Counsel's views of the strength of Plaintiffs' claims, the defenses to liability, and

---

[4] *See also In re Nissan Radiator/Transmission Cooler Litig.*, No. 10 CV 7493 VB, 2013 WL 4080946, at *7 (S.D.N.Y. May 30, 2013) (stating that "[a]lthough the parties have not engaged in extensive discovery, . . . the plaintiffs conducted an investigation prior to commencing the action, retained experts, and engaged in confirmatory discovery in support of the proposed settlement"); *In re Sinus Buster Prod. Consumer Litig.*, No. 12-CV-2429 (ADS)(AKT, 2014 WL 5819921, at *9 (E.D.N.Y. Nov. 10, 2014) (finding that the litigants had "conducted meaningful pre-trial discovery," which included "an 'extensive' investigation" prior to filing the consolidated class complaint); *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2010 WL 3070161, at *6 (E.D. Mich. Aug. 2, 2010) (stating that "'[t]he overriding theme of our case law is that formal discovery is not necessary'" so long as the class is not prejudiced and there is a factual basis for the settlement); *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 211 (5th Cir. 1981) (stating that "formal discovery was [not] a necessary ticket to the bargaining table").

the sources of recovery.  Accordingly, Lead Counsel's reasonably-informed views weigh in favor of preliminary approval.

In addition, the Court should consider that the Settlement provides for payment to the Class now—without incurring any additional costs—rather than a speculative (and likely non-existent) payment years down the road.  *See AOL Time Warner*, 2006 WL 903236, at *13.

In light of the foregoing factors, Plaintiffs and Lead Counsel believe the proposed Settlement is in the best interests of the Settlement Class and submit that the Settlement falls well within the range of approval.

**B.      The Settlement Class Should Be Certified**

Certification of a settlement class must satisfy the requirements of Rule 23(a), as well as at least one of the provisions of Rule 23(b).  *See In re AIG Sec. Litig.*, 689 F.3d 229, 242 (2d Cir. 2012).  When certification of a settlement class is sought, "courts must take a liberal rather than a restrictive approach."  *J.P. Morgan Chase & Co.*, 262 F.R.D. at 153, 157. As demonstrated below, the proposed Settlement Class meets these requirements.

**1.      The Requirements of Rule 23(a) are Satisfied**

Rule 23(a) permits an action to be maintained as a class action if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  FED. R. CIV. P. 23(a).

*a.      Numerosity*

In cases like this one involving widely traded stock, numerosity is readily satisfied.  *See Wallace v. IntraLinks*, 302 F.R.D. 310, 315 (S.D.N.Y. 2014) ("common sense assumptions . . .

suffice to demonstrate numerosity"); s*ee also Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995); *cert. denied*, 515 U.S. 1122 (1995) (numerosity presumed if a class has over 40 members).  At the end of the Settlement Class Period, there were over 10,000,000 shares of Patriot National common stock outstanding.  Lead Counsel estimate that there are potentially thousands of members of the proposed Settlement Class.

b.    Commonality

The commonality requirement is easily met, because all that is required is a single common question of law or fact.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011).  "The commonality requirement has been applied permissively by courts in the context of securities fraud litigation, and minor variations in the class members' positions will not suffice to defeat certification."  *Dietrich v. Bauer*, 192 F.R.D. 119, 124 (S.D.N.Y. 2000).  Rule 23's commonality requirement is met here because all members of the Settlement Class purchased or acquired Patriot National's securities during the Settlement Class Period and were damaged by the alleged false statements Defendants made to the investing public.  Thus, the issue of liability is common to all members of the proposed Settlement Class.   And the prospect of individualized damages calculations cannot defeat certification.  *Seijas v. Republic of Argentina*, 606 F.3d 53, 58 (2d Cir. 2010) ("[I]t is well-established that the fact that damages may have to be ascertained on an individual basis is not sufficient to defeat class certification.").

c.    Typicality

The typicality standard is satisfied when "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability."  *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009); *Tsereteli v. Residential Asset Securitization Trust 2006-A8*, 283 F.R.D. 199, 208 (S.D.N.Y. 2012) (typicality

13

requirement 'not demanding"). Typicality is lacking "where the named plaintiff was not harmed by the conduct alleged to have injured the class." *In re Facebook, Inc. IPO Sec. and Derivative Litig.*, 312 F.R.D. 332, 343 (S.D.N.Y. 2015).

Here, Plaintiffs were harmed by the same conduct that injured the class: Patriot National's misrepresentations and omissions. Thus, their claims are typical of those shared by the Settlement Class Members, and the typicality requirement is satisfied.

> d.      *Adequacy*

Adequacy is met if the class representatives do not have interests that are antagonistic to those of the class and their chosen counsel is qualified, experienced, and able to conduct the litigation. *See In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100, 111-12 (S.D.N.Y. 2010). Importantly, "[o]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Martens v. Smith Barney, Inc.*, 181 F.R.D. 243, 259 (S.D.N.Y. 1998).

Lead Plaintiffs ODS Capital LLC, Barry A. Smith, and Sunil Shah, and named Plaintiff Adam Kayce, are adequate representatives of the Settlement Class and should be appointed as class representatives for this Settlement. There are no conflicts between Plaintiffs and members of the Settlement Class concerning the subject matter of this litigation. All Plaintiffs purchased or acquired Patriot National's securities during the Settlement Class Period, and were damaged thereby—the same as any other members of the Settlement Class. Thus, Plaintiffs' interest in proving liability and damages is aligned with that of the Settlement Class.

Lead Counsel appointed by the Court are experienced in class and securities litigation and have served in leadership roles in numerous securities and other class actions in courts throughout the United States. Lead Counsel's firm biographies are attached as Exhibits B and C to the Deutsch

Decl.  Lead Counsel have diligently represented the interests of the Settlement Class in this litigation and will continue to do so.

Accordingly, the requirements of Rule 23(a)(4) are satisfied.

### 2.      The Requirements of Rule 23(b)(3) are Satisfied

If a proposed class satisfies Rule 23(a), the class should be certified under Rule 23(b)(3) if "common questions of law or fact predominate over any questions affecting only individual members, and that a class action is superior to other available means of adjudication." *Facebook*, 312 F.R.D. at 346.  Here, questions of law or fact common to the Settlement Class predominate over any individualized questions, and a class action is manifestly the superior method of adjudicating the controversy.

Predominance exists where the questions that are capable of common proof are "more substantial than the issues subject only to individualized proof." *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015).  The Supreme Court has noted that predominance is a "test readily met in certain cases alleging . . . securities fraud." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

Here, there are common questions of law and fact involving violations of the securities laws based on a common course of conduct directed at the entire Settlement Class, and that predominate over any individualized questions that may exist.  *See In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 90 (S.D.N.Y. 2007).  As the Court noted in *Vivendi*, "[t]he common issues in this action include whether defendants issued materially false and misleading statements . . . , scienter, reliance, and causation.  All [P]laintiffs will rely on the same or substantially similar documents, statements, and legal theories to prove the [D]efendants' liability." *Id.*  Since these common factual and legal questions predominate over individual issues, the predominance

15

requirement has been satisfied.  *See id.*; *see also AOL Time Warner*, 2006 WL 903236, at *5 (finding predominance requirement readily met because "[a]llegations of [d]efendants' misrepresentations and the improper inflation of AOL's accounting revenues underlie the factual and legal claims of every Class Member").

Finally, as numerous courts have held, a class action is a superior method of adjudicating claims in securities cases.  Superiority is "readily apparent" in "most securities suits."  *See Facebook*, 312 F.R.D. at 352.  Consequently, courts have consistently certified class actions in such cases.  There is no evidence that any different means of adjudicating this Action would be superior to a class action.  Accordingly, the requirements of Rule 23(b)(3), like those of Rule 23(a), are satisfied, and certification of the Settlement Class for purposes of settlement is appropriate.

### C.     Notice of the Settlement Should Be Approved

Under Rule 23(e), Settlement Class members who would be bound by a settlement are entitled to reasonable notice before the settlement is ultimately approved by the Court.  Because Plaintiffs seek certification of the Settlement Class under Rule 23(b)(3), "the Court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  FED. R. CIV. P. 23(c)(2)(B)).  In order to satisfy these standards and comply with the requirements of due process, notice must be "reasonably calculated to reach all interested parties."  *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995); s*ee also DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995) ("Notice of a settlement proposal need only be as directed by the district court…and reasonable enough to satisfy due process.").

The notice plan in this case is the best notice practicable under the circumstances to reach the Settlement Class.  As detailed in the Settlement Agreement, the Notice and Proof of Claim

Form will be mailed to those members of the Settlement Class as may be identified through reasonable effort. SA ¶ 19. Additionally, the Summary Notice will be published. *Id.* Courts routinely find that these methods of notice are sufficient. *See, e.g.*, *City of Providence v. Aeropostale, Inc*., No. 11 CIV. 7132 CM GWG, 2014 WL 1883494, at *2 (S.D.N.Y. May 9, 2014), *aff'd sub nom. Arbuthnot v. Pierson*, 607 F. App'x 73 (2d Cir. 2015); *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510, 2007 WL 1191048, at *11 (E.D.N.Y. Apr. 19, 2007) (approving proposed notice program where notice was mailed to shareholders of record listed on transfer records and to "the largest banks, brokerages, and other nominees"); *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 368 (S.D.N.Y. 1996) (approving proposed notice and noting that the mailing of notice to each identifiable class member's last known address is "a procedure that has been given wide-spread approval in other class actions"), *aff'd sub nom. In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 107 F.3d 3 (2d Cir. 1996).

Finally, the substance of the proposed Notice Plan meets all necessary legal requirements and provides a comprehensive explanation of the Settlement in simple, non-legalistic terms. *See* FED. R. CIV. P. 23(c)(2)(B); 15 U.S.C. §78u-4(a)(7)(A)-(F) (notice requirements under the Private Securities Litigation Reform Act of 1995). Plaintiffs respectfully submit that the proposed notice program, as set forth in the Preliminary Approval Order, is adequate and should be approved by the Court.

## V.   PROPOSED SCHEDULE OF SETTLEMENT EVENTS

In connection with preliminary approval of the Settlement, the Court must set a final approval of the settlement hearing date, dates for mailing and publication of the notice program, and deadlines for submitting claims, opting out, or objecting to the Settlement. Plaintiffs

respectfully propose the following schedule for the Court's consideration, as agreed to by the

Parties and set forth in the proposed Preliminary Approval Order:

| Event | Proposed Timing |
|---|---|
| Deadline for mailing the Notice to Settlement Class Members and posting the Notice and Claim Form on the Settlement website (which date shall be the "Notice Date") | 20 business days after entry of Preliminary Approval Order (Preliminary Approval Order ¶¶ 7(b), 7(c)) |
| Deadline to publish the Summary Notice | Up to 30 business days after entry of Preliminary Approval Order (Preliminary Approval Order, ¶ 7(d)) |
| Deadline for filing of papers in support of final approval of the Settlement, Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses | 35 calendar days prior to the Settlement Hearing (Preliminary Approval Order ¶ 26) |
| Deadline for receipt of exclusion requests or objections | 21 calendar days prior to the Settlement Hearing (Preliminary Approval Order ¶¶ 13, 16, 17) |
| Deadline for filing reply papers | 7 calendar days prior to the Settlement Hearing (Preliminary Approval Order ¶26) |
| Settlement Hearing | 120 calendar days after entry of the Preliminary Approval Order, or at the Court's earliest convenience thereafter (Preliminary Approval Order ¶ 5) |
| Deadline for submitting Proofs of Claim | 120 calendar days after the Notice Date (Preliminary Approval Order ¶10) |

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary

approval of the proposed Settlement and enter the Parties' agreed-upon form of the proposed

Preliminary Approval Order.


Dated: December 21, 2018          **BERGER MONTAGUE PC**

                                  By: s/ Lawrence Deutsch
                                  Lawrence Deutsch
                                  Jacob M. Polakoff
                                  1818 Market Street, Suite 3600
                                  Philadelphia, PA 19103

Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: ldeutsch@bm.net
        jpolakoff@bm.net

**GLANCY PRONGAY & MURRAY LLP**
Brian F. Murray
230 Park Ave, Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: bmurray@glancylaw.com

                -and-

Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Co-Lead Counsel for Plaintiffs*


**THE GRANT LAW FIRM, PLLC**
Lynda J.  Grant
521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone: (212) 292-4441
Facsimile: (212) 292-4442
Email: lgrant@grantfirm.com

**SAFIRSTEIN METCALF**
Peter Safirstein
Elizabeth Metcalf
The Empire State Building
350 Fifth Avenue, Suite 5960
New York, NY 10118
Telephone: (212) 201-2845
Email: psafirstein@safirsteinmetcalf.com
        emetcalf@safirsteinmetcalf.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600

New York, NY 10165
Telephone: (917) 697-8209
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of

Court via the CM/ECF system, which will send Notice of such filing to all counsel of record.

Dated: December 21, 2018                        s/ Lawrence Deutsch
                                                Lawrence Deutsch